IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-90-BO

| | |
|---|---|
| SHARHONDA S. CHERRY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 4, 2016, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on November 2, 2011, alleging disability since May 10, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who considered the claim de novo and issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 23, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's status-post left ankle tibiotalar fusion in May 2011 with osteoarthritis and degenerative disc disease of the lumbar spine were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with exceptions. The ALJ then found that plaintiff was unable to return to her past relevant work as a nurse assistant or certified medical technician, but that, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

3

Plaintiff contends that the ALJ erred in failing to find that plaintiff's impairments did not meet or medically equal a Listing, in failing to adequately consider the impact of plaintiff's obesity on her ability to work, in finding that plaintiff could perform a reduced range of light work, and in failing to give controlling weight to the opinion of plaintiff's treating orthopedist.

A.   Listings

Plaintiff first argues that the ALJ erred in finding that plaintiff's impairments did not meet or equal Listings 1.02, 1.03, 1.04, 1.06, and 14.09. *See* 20 C.F.R. Part 404, Subpt P, App'x 1, 1.00 Musculoskeletal system; *Id.* at 14.00 Immune System Disorders. Listings 1.02, 1.03, 1.06, and 14.09A require evidence that a claimant is unable to ambulate effectively. The inability to ambulate effectively is defined as an extreme limitation on the ability to walk, generally meaning that the claimant cannot ambulate independently without the use of a hand-held device that limits the functioning of both upper extremities. *Id.* at 1.00B(2)(b)(1). The evidence in the record does not support that while plaintiff may have had some difficulty walking she was unable to ambulate effectively as that term is generally defined by the regulations. Regarding Listing 1.04, the record does not demonstrate evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in the inability to ambulate effectively as would be required to meet that Listing. The record further does not support that plaintiff's conditions satisfy the remaining elements of Listing 14.09, including the presence of ankylosis or involvement of two or more organs/body systems.

The ALJ expressly considered whether the criteria for Listings 1.03, 1.04, and 1.06 were satisfied, and substantial evidence supports her conclusion that they were not. Further the Court finds no error in the ALJ's failure to discuss Listings 1.02 and 14.09, *see, e.g., Cook v. Heckler*,

4

783 F.2d 1168 (4th Cir. 1986) (where plaintiff has clearly demonstrated several criteria required in various Listings error for ALJ not to expressly evaluate whether plaintiff's impairments satisfied those Listings) and if error is present it was harmless.

B.  Obesity

Social Security Ruling 02-1p requires an ALJ to consider the effect of a claimant's obesity in conjunction on the ability to work. Plaintiff contends that the ALJ's consideration of plaintiff's obesity was inadequate, but plaintiff does not point to any evidence in the record which would suggest that plaintiff's obesity caused more than minimal functional limitations. Thus, the Court finds that any failure of the ALJ to address the effect of plaintiff's obesity with more specificity was harmless. *See also Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).

C.  RFC

Plaintiff contends that the ALJ erred in making her RFC finding by failing to adequately consider plaintiff's testimony regarding her pain and limitations. The ALJ found plaintiff's allegations partially credible, noting that since plaintiff's ankle surgery she has received only routine and conservative treatment and that plaintiff also received only routine and conservative treatment for her back pain, in addition to going nearly one year without seeking treatment. Tr. 19. The ALJ also relied on plaintiff's testimony regarding her activities of daily living, which include tending to her personal needs, preparing food, ironing, grocery shopping, and managing her household, which the ALJ found to be inconsistent with plaintiff's allegations regarding pain. *Id.*

The ALJ properly considered the nature of prescribed treatments and plaintiff's daily activities when making her credibility determination and assessing plaintiff's subjective

5

testimony. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996); *see also Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (reported daily activities may undermine subjective complaints); *Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) (response to conservative treatment may be evidence a condition is not disabling). Further, an ALJ's credibility determination is generally entitled to great deference, *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984), and plaintiff has not presented a sufficient basis upon which to question the ALJ's credibility determination here.

Plaintiff also contends that the ALJ failed to conduct a sufficient assessment of plaintiff's ability to perform relevant functions, citing *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015. Under *Mascio*, remand is appropriate where an ALJ fails to conduct an analysis of a claimant's ability to perform relevant functions despite contradictory evidence. *Id.*, at 636. Here, however, the contradictory evidence on which plaintiff relies to argue that the ALJ's analysis is incomplete is her own subjective testimony, which, as discussed above, the ALJ properly found to be only partially credible. Thus, the Court finds no necessity to remand this matter under *Mascio* for further consideration.

At bottom, the Court has reviewed the RFC determination and finds that it is supported by substantial evidence.

D. <u>Treating physician opinion</u>

Finally, plaintiff contends that the ALJ improperly failed to assign controlling weight to the opinion of plaintiff's treating physician, Dr. Parekh. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829

6

F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). An ALJ must provide specific reasons for the weight given to a treating physician's opinion. SSR 96-2p.

The ALJ assigned Dr. Parekh's opinion little weight as it was inconsistent with her own treatment notes. For example, although Dr. Parekh opined that plaintiff was unable to walk a block at a reasonable pace, Tr. 503, the treatment notes reveal that plaintiff did not require a gait aid and stated she could walk one to four blocks. Tr. 482. Further, while a CT scan noted successful arthrodesis following ankle surgery, Tr. 486, Dr. Parekh opined that plaintiff required additional surgery to achieve fusion. Tr. 506.

Because there are inconsistencies as between Dr. Parekh's opinion and the record, including plaintiff's own statements concerning her abilities, and the ALJ adequately explained her reasons for the weight assigned, the Court finds no error in the ALJ's decision to afford Dr. Parekh's opinion little weight.

## CONCLUSION

The ALJ's decision reflects application of the correct legal standards and a thorough consideration of the medical record and testimony. The decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. Plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 23] is GRANTED.

SO ORDERED, this _13_ day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE